DA 09-0102

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 325N

IN THE MATTER OF:

M.I. and L.I.,

      Youths in Need of Care.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause Nos. DN 06-0131
and DN 06-0132
Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          James B. Wheelis, Chief Appellate Defender; Helena, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; John Paulson,
Assistant Attorney General; Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney; Corbit Harrington,
Deputy County Attorney; Billings, Montana

Submitted on Briefs:  August 26, 2009

Decided:  October 1, 2009

Filed:

_____
               Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number, and disposition shall be included in this Court=s quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 B.I. (father) appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, terminating his parental rights to M.I. and L.I., his biological children. We affirm.

¶3 M.I. and L.I. were born in May 2001 and June 2002, respectively. In December 2006 the Montana Department of Public Health and Human Services (DPHHS) petitioned the District Court for emergency protective services, temporary legal custody, and adjudication of M.I. and L.I. as youths in need of care. DPHHS asserted that the father was unemployed, had applied for disability benefits, and was allegedly verbally and physically abusive toward the children and their mother. DPHHS further alleged that the family's home was unsanitary and unsafe, and that the children were poorly fed, poorly clothed, and poorly supervised. In January 2007 the District Court adjudicated the children as youths in need of care and granted temporary custody to DPHHS. DPHHS placed the children in a kinship foster home.

¶4 In April 2007 the District Court approved a treatment plan for the father. The goals of the treatment plan were for the father to (1) stabilize his finances, (2) increase his parenting abilities, (3) provide a safe environment for his children, (4) improve his mental health status, (5) maintain and improve his bond with his children, and (6) cooperate to assist DPHHS in evaluating his progress with the treatment plan. Upon DPHHS's motion, the District Court subsequently amended the treatment plan in January 2008 to require the father additionally to address issues of chemical dependency and abuse.

¶5 In February 2008 DPHHS petitioned for permanent legal custody of M.I. and L.I. and to terminate the father's parental rights. DPHHS contended that the father had not complied with the treatment plan and that the conduct and conditions rendering him unfit were unlikely to change within a reasonable period of time. The father contested termination. The District Court held a hearing on the petition. DPHHS presented testimony from Cindy Iacopini, a social worker, Donna Veraldi, a clinical psychologist, and Deb Dalke, a family support specialist. During Iacopini's testimony, the District Court took judicial notice of an affidavit prepared by Iacopini in support of DPHHS's petition for termination. The father testified and also presented the testimony of Jeffrey Cummins, a licensed clinical social worker. Following the hearing, the District Court issued an order terminating the father's parental rights and granting DPHHS permanent legal custody of the children.

¶6     The issues on appeal are whether the District Court abused its discretion in admitting hearsay testimony and whether the District Court abused its discretion in concluding that the father is unfit.

¶7     We review a district court's evidentiary rulings and decision to terminate parental rights for abuse of discretion. *In re O.A.W., K.A.W., & W.L.W.*, 2007 MT 13, ¶ 32, 335 Mont. 304, 153 P.3d 6; *In re D.B. & D.B.*, 2007 MT 246, ¶ 16, 339 Mont. 240, 168 P.3d 691. A district court abuses its discretion when it acts arbitrarily or beyond the bounds of reason, resulting in substantial injustice. *In re D.B. & D.B.*, ¶ 16. We review a district court's findings of fact for clear error and its conclusions of law for correctness. *In re O.A.W.*, ¶ 26.

¶8     The father argues first that the District Court erred by admitting hearsay evidence. This argument appears to have two parts: first, that the District Court allowed Iacopini to offer expert opinions under Rule 703, M. R. Evid., even though DPHHS had not qualified her as an expert; and second, that the District Court considered Iacopini's affidavit, which contained hearsay. These objections lack merit. The father's first argument fails because he did not object to Iacopini's qualification as an expert at the termination hearing. *State v. Clifford*, 2005 MT 219, ¶ 33, 328 Mont. 300, 121 P.3d 489. The father's second argument fails because Iacopini actually testified at the termination hearing—without objection from the father—to the alleged hearsay contained in the affidavit. The District Court did not abuse its discretion in considering Iacopini's testimony and affidavit.

4

¶9 The father next argues that the District Court erred in its conclusion that he is unfit. In developing this argument, the father first contends that the District Court clearly erred in finding he had a history of violent behavior, chemical dependency, and sleeping during visitations with the children. The father further asserts that the District Court did not adequately weigh his many meetings with Cummins, the clinical social worker. Finally, the father protests that the District Court did not adequately consider his injuries, limited physical condition, and poverty. These arguments fail to persuade us. The challenged findings are not clearly erroneous, but supported by substantial evidence. Moreover, the appropriate weighing of conflicting testimony was within the District Court's discretion. *In re A.N.W.*, 2006 MT 42, ¶ 29, 331 Mont. 208, 130 P.3d 619. The District Court did not abuse its discretion in concluding that the father is unfit.

¶10 It is appropriate to decide this case pursuant to Section I, Paragraph 3(d)(i) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are controlled by settled Montana law, and there was no abuse of discretion by the District Court. We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON

5